# EXHIBIT A

ELECTRONICALLY FILED - 2021 Jun 25 8:58 AM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | SECOND JUDICIAL CIRCUIT |
| | ) | |
| COUNTY OF AIKEN | ) | COURT OF COMMON PLEAS |
| | ) | |
| Kris A. Boerstler, | ) | |
| | ) | |
| Plaintiff, | ) | **SUMMONS** |
| | ) | |
| v. | ) | |
| | ) | |
| UHS of Delaware, Inc. and Aiken Regional | ) | |
| Medical Centers, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO THE DEFENDANTS ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 307 Pettigru Street, Greenville, South Carolina, 29601 within thirty (30) days after the service of same, exclusive of the day of such service.  If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

**Horton Law Firm, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Kris A. Boerstler*

June 25, 2021

ELECTRONICALLY FILED - 2021 Jun 25 8:58 AM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | SECOND JUDICIAL CIRCUIT |
| | ) | |
| COUNTY OF AIKEN | ) | COURT OF COMMON PLEAS |
| | ) | |
| Kris A. Boerstler, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| UHS of Delaware, Inc. and Aiken Regional | ) | |
| Medical Centers, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Kris A. Boerstler (hereinafter "Plaintiff" or "Boerstler") brings this claim against Defendants UHS of Delaware, Inc. and Aiken Regional Medical Centers, LLC (collectively "Defendants"), based on the allegations set forth below.

## PARTIES

1.      Plaintiff Kris A. Boerstler is a citizen and resident of the County of Aiken, South Carolina.

2.      Defendant UHS of Delaware, Inc. is a corporation formed under the laws of the state of Delaware and which owns and operates Defendant Aiken Regional Medical Centers, LLC, located in Aiken County.

3.      Defendant Aiken Regional Medical Centers, LLC is a limited liability company formed under the laws of the state of South Carolina with its principal place of business in Aiken, South Carolina.

4.      At all times relevant to this Complaint, Defendants have continuously been an employer engaged in industries affecting commerce and have employed fifteen (15) or more employees for each working day in each of the twenty or more calendar weeks in the current or

ELECTRONICALLY FILED - 2021 Jun 25 8:58 AM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

preceding calendar year. Defendants operate as a single employer for purposes of this Title VII claim.

5.     Plaintiff filed a timely charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission. Plaintiff brings this action within ninety days of receipt of the Notice of the Right to Sue.

## JURISDICTION

6.     This Court has subject matter jurisdiction over the claims in this lawsuit under Title VII of the Civil Rights Act of 1964, which provides state courts with concurrent jurisdiction over claims under Title VII.

7.     This Court has personal jurisdiction over Defendant UHS of Delaware, Inc. because (1) it is a company that is doing business in South Carolina and (2) it has purposely availed itself of the rights and privileges afforded to it under South Carolina law.

8.     This Court has personal jurisdiction over Aiken Regional Medical Centers, LLC because (1) it is a company that is doing business in South Carolina, (2) it maintains its principal place of business in South Carolina, and (3) it has purposely availed itself of the rights and privileges afforded to it under South Carolina law.

## VENUE

9.     The Defendants operate in this state, and all events and omissions giving rise to the claims occurred in Aiken County. Therefore, venue is proper in Aiken County.

## FACTS

10.     Plaintiff began working for Defendants in 1989, and she was employed as the Lead Histologist at the time her employment ended in December 2019.

11.      During her time as a histologist, Plaintiff worked in the laboratory.

ELECTRONICALLY FILED - 2021 Jun 25 8:58 AM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

12.     In 2017, Defendants hired Mark Dobihal as a pathologist's assistant, and from that point until Plaintiff's employment ended in December 2019, Dobihal worked in the same lab area as Plaintiff.

13.     Dobihal subjected Plaintiff and the other female employees in the lab area to constant sexual harassment. Examples of the specific sexual harassment that he directed at Plaintiff includes the following:

a.   Constant discussion of female breasts;

b.   Telling Plaintiff that it didn't matter what size her breasts were, that he loved breasts all of all sizes, big and small;

c.   Saying "nice rack!" when he saw a picture of a male deer's antlers;

d.   Telling Plaintiff that he was a "boob guy"; that he fell in love with boobs in the 3rd grade; that his teacher had great boobs;

e.   Making comments about how if Plaintiff was his wife, she could clean the house naked and he would wash the dishes wearing only a French maid's outfit;

f.   Frequent comments about Plaintiff's appearance;

g.   Comments about how he and his wife never had sex and that's why he divorced her;

h.   Referring to breasts as "fun bags";

i.   Calling Plaintiff his "sexy science girl";

j.   Touching Plaintiff's hair on multiple occasions;

k.   Touching Plaintiff's shoulder while standing behind her;

l.   Trying to kiss Plaintiff on the lips on two occasions, most recently in or around July 2019;

ELECTRONICALLY FILED - 2021 Jun 25 8:58 AM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

m.  Grabbing Plaintiff's shoulders, holding her in place while staring into her eyes, and saying that he was "imprinting" on her;

n.  Trying to unzip the zipper on her shirt;

o.  Bringing a massager to work and offering to provide a massage to Plaintiff and other employees, including the lab director; and

p.  Rubbing his fingers along her back on multiple occasions.

14.    Dobihal engaged in similar sexually harassing behavior against the other female employees in the lab. Upon information and belief, other female employees had made complaints to the lab director about Dobihal's harassment, but nothing was done.

15.    In July 2019, Plaintiff went out on FMLA leave due to the anxiety and depression she was suffering as a result of the working environment.

16.    Upon her return to work in mid-September 2019, Dobihal continued his harassment of her, including touching her and calling her pet names while continuing to make comments about her breasts.

17.    Plaintiff had not reported Dobihal's harassment to HR up to that point because she was well aware of Dobihal's close friendship with the lab director and Plaintiff's supervisor, Diana Gurley. Plaintiff feared retaliation and tried her best to ignore the harassment and to continue working through the harassment.

18.    On September 27, 2019, Plaintiff was called into a meeting with Gurley and Paul Hanna, the HR director for Defendants, regarding Dobihal's complaint that Plaintiff was documenting too many of his mistakes simply because he was a male. Plaintiff, it should be noted, was not Dobihal's supervisor in any way.

ELECTRONICALLY FILED - 2021 Jun 25 8:58 AM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

19.     During this meeting, Plaintiff reported Dobihal's pervasive sexual harassment of her to Hanna and Gurley and provided the names of other female employees who could corroborate her statements. Hanna opened an investigation.

20.     In mid-October 2019, Plaintiff met with COO Matt Merrifield, who stated that Dobihal had admitted his misconduct and that the investigation about Dobihal's complaint against Plaintiff was being closed.

21.     After the sexual harassment investigation was opened, Dobihal ceased his sexual harassment for a few weeks before continuing his harassment of Plaintiff. For example, in mid-November 2019, Dobihal walked behind Plaintiff, rubbed his finger along her back, and said that he just needed to make sure she was not a figment of his imagination. The next day, Plaintiff observed Dobihal doing a similar thing to another female employee, by placing his hands on her shoulders and brushing the front of his body against the back of her body.

22.     Plaintiff reported the further harassment to HR, but she was told later that because Dobihal denied it, there would be no further action against him.

23.     On November 26, shortly after her most recent complaint, Defendants wrote Plaintiff up for "poor communication skills."

24.     The next day, because Dobihal's harassment was continuing, Plaintiff told Gurley that she would no longer be able to work alone with Dobihal in the lab.

25.     Defendants took no action to halt the continuing sexual harassment of Dobihal, and Plaintiff was forced to take medical leave shortly thereafter. Because of Defendants' continuing failure to take prompt and remedial action to address Dobihal's illegal actions, in addition to the retaliatory write-up, Plaintiff was constructively discharged in December 2019 when she resigned due to the sexual harassment.

ELECTRONICALLY FILED - 2021 Jun 25 8:58 AM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

## FOR A FIRST CAUSE OF ACTION
### (Violation of Title VII—Sexual Harassment/Hostile Work Environment)

26.    Plaintiff incorporates by reference all prior allegations into this cause of action.

27.    During Plaintiff's employment with Defendants, Plaintiff was subjected to sexual harassment by Defendants' employee. This conduct was severe and pervasive. The sexual harassment by Dobihal created a sexually hostile work environment for Plaintiff.

28.    Plaintiff opposed Dobihal's conduct on many occasions and made clear to him that his conduct was unwelcome and offensive.

29.    When Plaintiff reported Dobihal's conduct to Defendants, Defendants failed to halt the harassment or to take prompt remedial action against Dobihal to ensure that he was no longer sexually harassing Plaintiff or other female employees. Dobihal remained employed at least through December 2019 when Plaintiff was constructively discharged.

30.    Defendants had notice and knowledge of the inappropriate sexual conduct of Dobihal.

31.    The inappropriate sexual conduct of Dobihal against Plaintiff was so pervasive and severe that the terms and conditions of Plaintiff's employment were adversely altered, especially so in light of Defendants' abject failure to halt the sexual harassment, provide a safe working environment, or take prompt remedial action to address these complaints, leading to Plaintiff's constructive discharge.

32.    As a result of such harassment and constructive discharge, Plaintiff was humiliated, embarrassed, and degraded, and she experienced emotional distress, lost income/benefits, and other compensatory damages.

33.    Defendants' actions were willful and intentional, and violated Title VII of the Civil Rights Act of 1964, as amended.

ELECTRONICALLY FILED - 2021 Jun 25 8:58 AM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

34.     Defendants' conduct entitles Plaintiff to an award of punitive damages under Title VII.

## FOR A SECOND CAUSE OF ACTION
### (Violation of Title VII—Constructive Discharge)

35.     Plaintiff incorporates by reference all prior allegations into this cause of action.

36.     Plaintiff reported Dobihal's harassment to Defendants.

37.     Defendants failed to properly investigate the allegations and failed to take actions necessary to stop the harassment. Dobihal was not terminated or transferred, and he was allowed to continue working in the same area with his female victims, often with no other employees or supervisors present with him and his victims.

38.     Further, Plaintiff was written up by Defendants in retaliation for making her complaint.

39.     Plaintiff's working conditions were objectively intolerable. Due to Defendants' failure to take action against Dobihal, Defendants' permitting Dobihal to continue working in the same area with his victims, Defendants' retaliation towards Plaintiff, and Plaintiff's severe emotional distress as a result of Defendants' and Dobihal's actions, Plaintiff was constructively discharged by Defendants and was forced to resign her employment.

40.     Plaintiff has suffered damages and emotional distress as a result of Corporate Defendants' actions.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendants as follows:

a.  Declare that Defendants' acts and conduct constitute impermissible sexual harassment, in violation of Title VII and award such injunctive or other equitable relief as is fair and just;

b.  Award Plaintiff all compensation and benefits due that were lost as a result of Defendants' unlawful employment practices described above, including but not limited to lost wages in

the form of back and front pay, lost benefits, bonuses, interest and other benefits in amounts to be determined at trial;

c.  Award Plaintiff past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights in amounts to be determined at trial;

d.  Award Plaintiff punitive damages for Defendants' malicious and reckless conduct as described above in amounts to be determined at trial;

e.  Award pre-judgment interest;

f.  Award attorneys' fees and costs; and

g.  Award Plaintiff such other legal and equitable relief as this Court may deem proper.

Respectfully Submitted,

**Horton Law Firm, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Kris A. Boerstler*

June 25, 2021

ELECTRONICALLY FILED - 2021 Jun 25 8:58 AM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

ELECTRONICALLY FILED - 2021 Jul 07 2:25 PM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | SECOND JUDICIAL CIRCUIT |
| | ) | |
| COUNTY OF AIKEN | ) | COURT OF COMMON PLEAS |
| | ) | |
| Kris A. Boerstler, | ) | |
| | ) | Case No. 2021-CP-02-01335 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROOF OF DELIVERY** |
| | ) | |
| UHS of Delaware, Inc. and Aiken Regional | ) | |
| Medical Centers, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Plaintiff by and through her undersigned counsel and submits the attached United States Certified Mail Return Receipt as Proof of Delivery, showing that Defendant Aiken Regional Medical Centers, LLC was served the Summons and Complaint, by delivery upon its registered agent, with said documents delivered on June 30, 2021.

**Horton Law Firm, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Kris A. Boerstler*

July 7, 2021

ELECTRONICALLY FILED - 2021 Jul 07 2:25 PM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company.
Registered Agent - Aiken Regional
    Medical Centers, LLC
508 Meeting Street
West Columbia, SC 29169

9590 9402 4847 9032 3602 59

2. Article Number (Transfer from service label)

3010 0000 4350 9162

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] Trey Williams
☐ Agent
☐ Addressee

B. Received by (Printed Name)  Trey Williams
C. Date of Delivery  6/30/21

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2021 Jul 07 2:25 PM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

USPS TRACKING #



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 4847 9032 3602 59

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

HORTON LAW FIRM, P. A.
307 Pettigru Street
Greenville, South Carolina 29601

JRS

ELECTRONICALLY FILED - 2021 Jul 07 2:25 PM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

STATE OF SOUTH CAROLINA      )      SECOND JUDICIAL CIRCUIT
                             )
COUNTY OF AIKEN              )      COURT OF COMMON PLEAS
                             )
Kris A. Boerstler,          )
                             )      Case No. 2021-CP-02-01335
        Plaintiff,          )
                             )
    v.                      )      **PROOF OF DELIVERY**
                             )
UHS of Delaware, Inc. and Aiken Regional  )
Medical Centers, LLC,       )
                             )
        Defendants.         )
_____)

COMES NOW Plaintiff by and through her undersigned counsel and submits the attached

United States Certified Mail Return Receipt as Proof of Delivery, showing that Defendant UHS of

Delaware, Inc. was served the Summons and Complaint, by delivery upon its registered agent,

with said documents delivered on July 1, 2021.

**Horton Law Firm, P.A.**

s/ Jeremy R. Summerlin
_____
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Kris A. Boerstler*

July 7, 2021

ELECTRONICALLY FILED - 2021 Jul 07 2:25 PM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
Registered Agent for UHS of
Delaware, Inc.
508 Meeting Street
West Columbia, SC 29169

9590 9402 4847 9032 3602 42

2. Article Number (Transfer from service label)

7019 1640 0000 1474 4392

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE**

A. Signature
X [signature] Welles
☐ Agent
☐ Addressee

B. Received by (Printed Name)  Trey Willens
C. Date of Delivery  7/1/21

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2021 Jul 07 2:25 PM - AIKEN - COMMON PLEAS - CASE#2021CP0201335

USPS TRACKING #

COLUMBIA

**9590 9402 4847 9032 3602 42**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

HORTON LAW FIRM, P. A.
307 Pettigru Street
Greenville, South Carolina 29601

JRS